UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZVJEZDANA SPASOJEVIC,

    Plaintiff,

v.                                            CASE NO.: 8:13-cv-2923-T-23TBM

WELLS FARGO BANK, N.A.,

    Defendant.
_____/

**ORDER**

    Citing a pre-suit notice requirement in a mortgage and arguing that the plaintiff ignored the requirement, Wells Fargo moves (Doc. 15) to dismiss the complaint. Spasojevic argues (1) that the mortgage, which is not attached to the complaint, is ineligible for consideration in a motion to dismiss, (2) that the complaint complies with Rule 9(c), Federal Rules of Civil Procedure, and (3) that Spasojevic complied with the mortgage's pre-suit notice requirement.

    Spasojevic argues that Wells Fargo cannot base the motion to dismiss on the mortgage because the mortgage is neither attached to the complaint nor "central to the plaintiff's claims." (Doc. 17 at 3) However, Wells Fargo may rely on the mortgage because the mortgage is an "undisputed fact[] of public record." *Halmos v. Bomardier Aerospace Corp.*, 404 F. App'x 376, 377 (11th Cir. 2010); *accord Haddad v.*

*Dudek*, 784 F. Supp. 2d 1308, 1324 (M.D. Fla. 2011) ("[T]he Court may take judicial notice of and consider documents which are public records, that are attached to the motion to dismiss, without converting the motion to dismiss into a motion for summary judgment."); *S.E.C. v. Dunlap*, 2002 WL 1007626, at *1 (S.D. Fla. Mar. 27, 2002) ("In determining whether to grant a Rule 12(b)(6) motion, the Court primarily considers the allegations in the complaint, although matters of public record . . . also may be taken into account." (internal quotation marks omitted)); *Moore's Federal Practice*, Vol. 2, § 12.34 (3d ed. 2013) ("In deciding whether to dismiss, . . . [t]he courts may consider . . . [p]ublic records.").

Spasojevic correctly argues that Rule 9(c), Federal Rules of Civil Procedure, states, "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Spasojevic also correctly identifies a general allegation in the complaint in which Spasojevic states, "All conditions precedent have been performed or have occurred." (Doc. 11 at 3) However, Rule 9(c) also states, "But when denying that a condition precedent has occurred or been performed, a party must do so with particularity." *Ardaman & Associates, Inc. v. Travelers Casualty and Surety Company of America*, 2009 WL 161203, at *9 (N.D. Fla. Jan. 22, 2009) (Rodgers, J.) (footnote omitted), explains the rule:

> As Rule 9(c) makes clear, conditions precedent need only be alleged generally. Fed. R. Civ. P. 9(c). If the defendant disagrees with the plaintiff's general allegations, it may deny "with particularity" in a responsive pleading that the preconditions

      have been fulfilled. *See Jackson v. Seaboard Cost Line R.R.*, 678 F.2d
      992, 1010 (11th Cir.1982) The plaintiff then bears the burden of
      "proving that the conditions, which the defendant has specifically
      joined in issue, have been satisfied." *Id.* at 1010.

Wells Fargo disagrees with Spasojevic's general allegations and, as discussed below, has identified "with particularity" the deficiency in Spasojevic's "notice." Thus, Rule 9(c) is no impediment to Wells Fargo's motions.

    Wells Fargo correctly argues that the communications sent from Spasojevic to Wells Fargo fail to notify Wells Fargo of breach. (Doc. 15 at 5) The mortgage states:

      Neither [Spasojevic] nor [Wells Fargo] may commence, join, or be
      joined to any judicial action . . . that arises from the other party's
      actions pursuant to this Security Instrument or that alleges that the
      other party has breached any provision of, or any duty owed by reason
      of, this Security Instrument, until [Spasojevic] or [Wells Fargo] has
      notified the other party [in writing] of such alleged breach and afforded
      the other party hereto a reasonable period after the giving of such
      notice to take corrective action.

(Doc. 15-1 at 14) In response, Spasojevic argues that he notified Wells Fargo and that the notice complied with the mortgage. Spasojevic identifies the opening sentence of a January 24, 2012, letter to Wells Fargo that states, "This serves as official notice under the Fair Debt Collection Practices Act FDCPA, the Florida Consumer Collection Practices Act FCCPA, and all other applicable Federal consumer protection statutes and regulations." (Doc. 11-1 at 3) However, the letter fails to notify Wells Fargo of an "alleged breach," which the mortgage (not the FDCPA, the FCCPA, or "other applicable Federal Consumer protection statutes [or] regulations") requires. Instead, the letter notifies Wells Fargo that Spasojevic has

- 3 -

acquired an attorney and that Wells Fargo "no longer [has] permission to contact" Spasojevic.  (Doc. 11-1 at 3-4)  Spasojevic also identifies a portion of the letter that states, "Immediately, refrain from contacting our client directly or we will have no other option but to pursue legal action against you in the form of a suit."  (Doc. 11-1 at 4)  As Spasojevic admits, this letter "advised [Wells Fargo] in writing that [Spasojevic] will seek legal action against [Wells Fargo] *if* [Wells Fargo] does not cease all contact."  (Doc. 17 at 5 (emphasis added))  The notice – which merely warns Wells Fargo that Spasojevic will sue if Wells Fargo breaches a duty owed to Spaojevic – fails to notify Wells Fargo of an "alleged breach."[*]

Wells Fargo's motion (Doc. 15) is **GRANTED**.  Spasojevic's amended complaint (Doc. 11) is **DISMISSED**.  No later than **FEBRUARY 3, 2014**, the plaintiff may amend the complaint.

ORDERED in Tampa, Florida, on January 21, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*]Citing Spasojevic's Exhibit C, Spasojevic also states, "Moreover, Spasojevic provided written notification of violations to Defendant after all of the alleged violations have occurred." However, as the Wells Fargo states, Exhibit C consists of a "facsimile . . . regarding a short sale" and a letter that, other than a new date, is identical to the January 24, 2012, letter.  Nothing in Exhibit C identifies an "alleged breach."